**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------

IN THE MATTER OF THE APPLICATION
OF THE HERALD COMPANY, INC. FOR                    05-MC-0088
THE UNSEALING OF AFFIDAVITS
FILED IN SUPPORT OF
EAVESDROPPING WARRANTS FILED
JULY 28, 2005 AND SEPTEMBER 2, 2005,

                               **Petitioner.**
-----------------------------------------------------------

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION AND ORDER**

**I. INTRODUCTION**

On September 16, 2005, John J. Gosek, then-Mayor of the City of Oswego, New York,[1] was arrested on a criminal complaint charging him with a violation of 18 U.S.C. § 2422(b). See Crim. Compl. [dkt. # 1 in United States v. Gosek, 5:05-MJ-341].[2] The Criminal Complaint was supported by an affidavit from Federal Bureau of Investigation ("FBI") Special Agent Frederick F. Bragg. See Bragg Supp. Aff. [dkt. # 1 in 5:05-MJ-341]. Bragg's affidavit indicates, *inter alia*, that on July 28, 2005, the Court issued an order authorizing the interception of Gosek's wire communications over a

---

[1] Gosek submitted his resignation as Mayor of the City of Oswego on September 21, 2005. See Eby Aff. ¶ 12 & Ex. D.

[2] This provision of the United States Code makes it a crime for someone to use

> any facility or means of interstate ... commerce [to] knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense.

18 U.S.C. §2422(b).

1

cellular telephone provided to Gosek by the City of Oswego. Id. ¶ 6.  The wiretap order was reissued for an additional 30 day period on September 2, 2005. Id.  The papers filed in support of the wiretap order, and its extension, were sealed by the Court.

On September 22, 2005, The Herald Company, Inc. ("the Herald" or "Petitioner"), moved by Order to Show Cause to unseal the affidavits filed by the United States Government in support of eavesdropping warrants filed July 28, 2005 and September 2, 2005 in the investigation of John J. Gosek. See Order to Show Cause,[dkt. # 1]; Pet. Mem. L., p. 2 [dkt. #2].  Both the Government and Gosek oppose the application. For the reasons that follow, the Herald's application is denied without prejudice to renewal at a later date.

## II. BACKGROUND

The following facts are taken primarily from FBI Special Agent Bragg's "Affidavit in Support of Complaint" filed in United States v. Gosek, 5:05-MJ-341, are not deemed true, and are provided merely as background for the instant application.

In April of 2005, the New York State Police approached the FBI with evidence that Gosek "had solicited a woman believed to be 14 years of age for sex, promising an exchange of drugs in return." Bragg Aff. ¶ 4.  The FBI joined the investigation and, after "substantial analysis of the various telephones" used by Gosek, federal agents applied to the Court for a wiretap of the cellular telephone that the City of Oswego provided to Gosek. Id. ¶ 5. As indicated above, on July 28, 2005, the Government obtained Court authorization to intercept Gosek's wire communications over his City issued cellular telephone, and the wiretap order was reissued for an additional 30 day period on September 2, 2005. See id. ¶ 6.  The affidavits in support of the wiretap orders were sealed by the Court.

2

The Government alleges that "[e]vidence gathered during the course of the wire interception established, among other things, that Gosek used the subject telephone to solicit women for sex, that on a least one occasion he offered drugs as an inducement for sex, and that he was using others to attempt to arrange for sexual encounters for him in return for money and/or drugs." Id. In particular to the charge in the Criminal Complaint, investigators heard a series of calls between Gosek and "an adult female drug user who lives in Central New York." Id. at 7. During one of these calls, the woman indicated that she would be willing, for a fee, to set up a sexual rendezvous at a hotel between Gosek and "two young, drug using, women, ages 14 and 17." Id. On September 15, 2005, government investigators contacted the woman and she admitted to having conversations with Gosek about setting up a sexual rendezvous with young women for a fee. Id. ¶ 8. The woman agreed to become a cooperating witness ("CW"). Id.

On the following day, September 16, 2005, investigators monitored telephone conversations between the CW and Gosek during which the two discussed a sexual rendezvous between Gosek and two fifteen year old women that the CW had supposedly set up at a local hotel. Id. ¶¶ 8-10. Later the same day, investigators monitored a meeting between Gosek and the CW during which Gosek purportedly paid the CW $250 for setting up the sexual rendezvous. Id. ¶¶ 11-12 Gosek was arrested as he entered the hotel with the CW. Id. ¶ 12.

On Saturday, September 17, 2005, Gosek was taken before the Hon. George H. Lowe, United States Magistrate Judge, and arraigned on the Criminal Complaint. See 9/17/05 dkt. entry in 5:05-MJ-341; Eby Aff. ¶ 6. Magistrate Judge Lowe determined to release Gosek at that time with certain conditions (home confinement and electronic monitoring), and to hold a more formal detention hearing on the following Monday, September 19, 2005. See 9/17/05 Order & 9/17/05 dkt.

3

entry in 5:05-MJ-341. At the conclusion of the arraignment, copies of the Criminal Complaint and supporting affidavit were distributed to "the numerous members of the media in attendance." Eby Aff. ¶ 9. The Criminal Complaint and supporting affidavit were also made publically available on the Court's Case Management/ Electronic Case Filing ("CM/ECF") system. On September 19, 2005, Magistrate Judge Lowe continued Gosek's release with certain additional conditions. See 9/19/05 Order in 5:05-MJ-341.[3]

**III. Discussion**

Neither the Government nor Gosek dispute the Herald's contention that the public has a qualified common law right to access court documents, see Nixon v. Warner Communications, 435 U.S. 589, 597-98 (1978); In re New York Times Co., 828 F.2d 110, 114 (2d Cir. 1987)("New York Times I"), after remand 834 F.2d 1152 (2d Cir. 1987) ("New York Times II"), after remand 837 F.2d 599 (2d Cir. 1988)("New York Times III"), cert. denied, 485 U.S. 977 (1988);[4] see also United States v. Massino, 356 F. Supp.2d 227, 230 (S.D.N.Y. 2005)(the common law interest merely "creates a rebuttable presumption that the public is entitled to access court documents and other materials that may have influenced judicial decisions affecting the substantive rights of litigants.")(citing United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)), or that, in certain circumstances, this common law right extends to electronic surveillance obtained pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III") and used in a warrant application. See In re Newsday, Inc., 895 F.2d 74, 79 (2d Cir. 1990)("The presence of material

---

[3] At both the September 17, 2005 arraignment and the September 19, 2005 detention hearing, Assistant United States Attorney Katko supposedly provided "extensive" details regarding the investigation that resulted in Gosek's arrest, and the on-going nature of the investigation against Gosek. Eby Aff. ¶ 10.

[4] The Herald seeks access to the sealed documents based upon the common law right of access to judicial records and documents. See Pet. Mem. L. p. 2 (citing Nixon v. Warner Communications Inc., 435 U.S. 589, 597-98 (1978) and In re Application of Newsday, 895 F.2d 74, 79 (2d Cir. 1990)).

4

derived from intercepted communications in the warrant application does not change its status as a public document subject to a common law right of access, although the fact that the application contains such material may require careful review by a judge before the papers are unsealed."). However, the Government and Gosek both contend that, in the instant case and at the instant time, the common law right of access must yield.

The Government opposes the motion on the grounds that unsealing the sought-after affidavits at this time would "severely jeopardize" the Government's ongoing investigation "into Gosek and others." See Gov't Resp., pp. 1-2 [dkt. # 8].[5] Gosek opposes the motion on the grounds that he has not yet been indicted on any charges and that the unsealing of these documents could prejudice his right to receive a fair trial. See Eby Aff, (dkt. # 5). Gosek further contends that the public's right to access judicial records, upon which the Herald rests its motion, (dkt. #2), has been fully addressed in this matter by the public availability of the felony complaint, the supporting affidavit of FBI Special Agent Bragg, and the fact that all of Gosek's court appearances have remained open to the public and been well attended by the media. See Eby Aff. ¶ 6. Additionally, both the Government and Gosek raise concerns for the privacy of innocent third parties who may be referenced in the sealed documents. See Gov't Resp., p. 2 (dkt. # 8); Eby Aff. (dkt. #5).

The Herald acknowledges that the common law right of access can be limited by the competing interests of (a) the Government in conducting criminal investigations, (b) the defendant

---

[5] In this regard, the Government asserts that

> this case has not been indicated. The defendant, Gosek, has been charged by Complaint with a single crime relating to a specific event that occurred during the course of a lengthy wiretap investigation. The arrest (and related Complaint) was prompted by certain actions of Gosek that warranted his immediate apprehension. The arrest by no means signaled the end of the investigation into Gosek and others. To be sure, the investigation is ongoing and is expected to continue for the foreseeable future.

See Gov't Resp., p. 1.

5

in receiving a fair trial, and (3) third parties and witnesses in protecting their privacy and safety, see Pet. Mem. L. , pp. 3-5 (and cases cited therein), and that the Court must balance the public's qualified right of access against these competing interests before unsealing documents such as are sought here. See id. at pp. 4-5.  The Herald argues, nonetheless, that the affidavits should be unsealed because "[t]he public has a strong interest in the circumstances leading to the arrest and indictment of a public official who betrayed the public's trust," and because access to the documents "promotes the common law right of the public to inspect and copy judicial records." Id. p. 6.  There Herald further argues that if the documents are not unsealed, the Court should provide access via "narrowly tailored redactions of the affidavits" that "would protect any third-party privacy rights as well as Mr. Gosek's right to a fair trial." Id.

After a careful and searching review of the affidavits filed in support of the wiretap orders, the Court finds that the public's qualified right of access does not outweigh the competing interests that would be frustrated by unsealing the affidavits. First, and contrary to the Herald's argument, Gosek has not been indicted.  At present, he stands charged with only a single crime. A review of the affidavits fully supports the Government's contention that Gosek's September 16, 2005 arrest "by no means signaled the end of the investigation into Gosek and others." Gov't Resp., p. 1. The affidavits provide sensitive information about the Government's investigation into Gosek and others that, if revealed, would severely hamper, if not effectively end, the Government's on-going investigation.  The significant value to the public of unhampered criminal investigations outweighs the public's interest in the sought after documents. See United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988)(deeming the "preservation of grand jury secrecy and the sensitivity of an ongoing criminal investigation [to be] 'higher values' justifying sealing"); In re Application of the Herald Co.,

6

734 F.2d 93, 100 (2d Cir. 1984)(stating that closure of a suppression hearing "should be invoked only upon a showing ... of danger to persons, property, or the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices"); In re Search Warrant Executed February 1, 1995, 1995 WL 406276, at * 3 (S.D.N.Y. July 7, 1995)("It is the opinion of this Court that there is a continuing need to maintain the warrant applications under seal at this pre-indictment juncture. The nature of the allegations and the pending grand jury investigation all favor this result."); In re Searches of Semtex Indus. Corp. 64, 876 F. Supp. 426, 429 (E.D.N.Y. 1995);[6] United States v. Milken, 780 F. Supp. 123, 128 (S.D.N.Y. 1991)("[T]he basis for sealing in this case is *not* defendant's interest in the secrecy of his cooperation; it is the Government's interest in the secrecy of its ongoing investigations.")(emphasis in original); see also Times Mirror Co. v. United States, 873 F.2d 1210, 1221 (9th Cir. 1989)("The public has no qualified First Amendment right of access to warrant materials during the pre-indictment stage of an ongoing criminal investigation. Nor is the public entitled to access to the materials under either the common law or Fed. R. Crim. P. 41(g)."); Newsday, Inc. v. Morgenthau, 4 A.D.3d 162, 163, 771 N.Y.S.2d 639, 640 (1st Dep't 2004)(The public's right of access "would be outweighed if there is substantial probability that disclosure would compromise an ongoing investigation.").[7] While

---

[6] In Semtex, the Eastern District held:

> The propriety of sealing search warrant documents turns on the government's need for secrecy and lies within the discretion of the court. See [Application of Newsday, 895 F.2d 74 (2d Cir.), cert. denied, 496 U.S. 931, 110 S.Ct. 2631, 110 L.Ed.2d 651 (1990)]. It is clear that when the government admits that the need for secrecy is *over,* the time for filing warrant documents with the clerk has arrived. Id. at 78-79. However, "the need for sealing affidavits may remain after execution and in some instances even after indictment." Baltimore Sun Co. v. Goetz, 886 F.2d 60 (4th Cir. 1989)(discussed with approval by the Second Circuit in Newsday, supra ).

876 F. Supp. at 429 (emphasis in original).

[7] To the extent that the Herald cites cases from other jurisdictions in support of access to warrant applications,
(continued...)

"prosecution of [this] defendant by the Government is a matter of considerable public importance, and ... the public's access to information that bears on this matter is of great significance, ... Defendant's prominence does not undercut the value of preserving ongoing government investigations." Milken, 780 F. Supp. at 128.

Second, the affidavits supply information about innocent third parties and potential witnesses that, if revealed, would be extremely embarrassing, could dissuade witnesses from cooperating with the Government in the future, and could potentially prejudice Gosek's ability to obtain a fair trial. These factors also weigh heavily against unsealing the affidavits. See New York Times I, 828 F.2d at 116 ("Certainly, the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted.").[8]

While the affidavits might supply the public with additional information about Gosek's personal activities during the time he served as Mayor of Oswego, "[c]ourts have long declined to allow public access simply to cater 'to a morbid craving for that which is sensational and impure.'" Amodeo, 71 F.3d at 1051 (quoting In re Caswell, 29 A. 259, 259 (R.I. 1893)); see In re Applications

---

[7](...continued)
none of those cases found that the public's right of access outweighed an ongoing investigation. See Baltimore Sun Co. v. Goetz, 886 F.2d 60, 63 (4th Cir. 1989) (completed investigation); In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988) (holding "that the district court properly concluded that these documents should be kept under seal" in order to protect the ongoing investigation); In re Search Warrants Issued on May 21, 1987, 1990 U.S. Dist. LEXIS 9329, at * 18 (D.D.C. 1990) (remarking that the record contained no suggestion of an ongoing investigation); In re Search Warrants Issued on June 11, 1988, For the Premises of Three Buildings at Unisys, Inc., 710 F. Supp. 701, 705 (D. Minn. 1989) (finding an ongoing investigation a compelling reason for further redactions).

[8]In New York Times I, the Court specifically noted that it was not dealing with a request for unsealing Title III applications, but rather a request for access to Title III materials contained in motion papers filed with the court. 828 F.2d at 116, n.1.

8

of Kansas City Star, 666 F.2d 1168, 1177 and n.12 (8th Cir. 1981).[9] The public information provided to date, and the fact that Gosek was arrested during the investigation, provides the public with an ample basis to see whether the Court and Government are fulfilling their public functions. See Massino, 356 F. Supp. 2d at 230 (The common law right of access "is not rooted in the Constitution, but derives rather from the public's common law interest in being able to monitor the operations of the courts and other public agencies.")(citing Nixon, 435 U.S. at 597-98). The Court finds that interests of the Government in conducting its investigation, the defendant in receiving a fair trial, and innocent third parties and potential witnesses in protecting their privacy and safety far outweigh the public's interest in obtaining copies of the affidavits at this time. See Massino, 356 F. Supp.2d at 231.[10]

The Court next turns to the question of whether redacted documents could be provided. See Milken, 780 F. Supp. at 126 ("Although the Second Circuit recognizes the government's interest in sealing information relating to ongoing criminal investigations and a defendant's interest in sealing information relating to intimate affairs, it requires the trial court to ensure that the limitation is

---

[9] In In re Applications of Kansas City Star, 666 F.2d 1168 (8th Cir. 1981), the Eight Circuit addressed a request to unseal wiretap affidavits under 28 U.S.C. § 2518(8)(b), which authorizes, upon a showing of good cause, the release of applications and orders sealed under the provisions of Title III. The Eighth Circuit held that "the desire of the news media to give the public the contents of sealed wiretaps *and related papers* is not enough in itself to justify a finding of good cause under the statute." In re Applications of Kansas City Star, 666 F.2d 1168, 1177 and n.12 (8th Cir. 1981) (emphasis added).

[10] As Judge Garaufis of the Eastern District recently noted in Massino:

Th[e] common-law right of access is not absolute, however. The right merely creates a presumption of access that, however strong, may be overcome in a particular case by competing concerns. United States v. Graham, 257 F.3d 143, 149 (2d Cir. 2001). These interests include a criminal defendant's right to a fair trial, privacy rights in cases involving materials that are particularly embarrassing to innocent parties, and the safety of third parties. Amodeo, 71 F.3d at 1047-50; United States v. Beckham, 789 F.2d 401, 409 (6th Cir. 1986). Trial courts are vested with discretion to weigh these factors against the presumption of access and to decide on a case-by-case basis whether to order a release of the materials in question. Nixon, 435 U.S. at 599, 98 S.Ct. 1306.

356 F. Supp.2d at 231.

tailored to the circumstances of the individual case."). On this issue, the Court finds that redacting the affidavits in such a way as to protect the Government's interest in conducting its criminal investigations,[11] Gosek's interest in receiving a fair trial, and third parties' interest in protecting their privacy and safety, would result in empty documents providing the public with nothing more than they presently know. The affidavits consist almost entirely of information falling in one of these three categories, with most addressed to the Government's investigation of Gosek and others. See Milken, 780 F. Supp. at 127 ("The principle guiding the Court's redactions is that ... information that identifies the target, subject or status of a particular government investigation must be redacted, so long as that information has not previously been publicly revealed."). A proper redaction would render the affidavits meaningless. In such circumstances, "a district court has the authority to redact a document to the point of rendering it meaningless, or not to release it at all." Newsday, 895 F.2d at 80 (emphasis added) (citing New York Times II, 834 F.2d at 1154, and United States v. Gerena, 869 F.2d 82, 86 (2d Cir. 1989)); see In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988)(holding "that the district court properly concluded that these documents should be kept under seal" in order to protect the ongoing investigation and that line-by-line redaction was impracticable). While "such drastic restrictions on the common law right of access are not always appropriate," Newsday, 895 F.2d at 80, the Court finds that in this case, given the on-going nature of the investigation involving multiple targets, Congress' policy in favor of protecting privacy rights implicated by Title III warrants, the defendant's right to a fair trial, the need to protect third parties, and the information already made available to the public, continued sealing of the affidavits is necessary. See In re Application of the

---

[11] The Herald's argument for redaction ignores the fact that the Government's investigation is on-going, perhaps because the Herald was under the mistaken belief that Gosek had been indicted.

10

Times Union, 1990 WL 6605, at * 4 (W.D.N.Y. Jan. 26, 1990).

That being the case, however, the Herald is free to renew its application at some later date, such as after Gosek has been indicted or it is clear that Government's investigation has ended. See Searches of Semtex, 876 F. Supp. at 429 (requiring disclosure of "all warrant documents ... except as to information regarding under cover agents or cooperators" if no indictment issued within 3 months of denial of motion); In re Search Warrant Executed February 1, 1995, 1995 WL 406276 (allowing petitioner to renew his motion to unseal "if the grand jury fails to indict him within a reasonable period of time"); see also In re Buffalo News, 969 F. Supp. 869, 871 (W.D.N.Y. 1997); United States v. Milken, 780 F. Supp. 123, 127 (S.D.N.Y. 1991).

## III.  CONCLUSION

For the reasons set forth above, the Herald's application to unseal the affidavits filed in support of eavesdropping warrants filed July 28, 2005 and September 2, 2005 is **DENIED with leave to renew at a later date**.

**IT IS SO ORDERED**

DATED: October 17, 2005

Thomas J. McAvoy
Senior, U.S. District Judge