**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------

IN THE MATTER OF THE APPLICATION
OF THE HERALD COMPANY, INC. FOR                    05-MC-0088
THE UNSEALING OF AFFIDAVITS
FILED IN SUPPORT OF
EAVESDROPPING WARRANTS FILED
JULY 28, 2005 AND SEPTEMBER 2, 2005,

       **Petitioner.**
-----------------------------------------------------------

**THOMAS J. McAVOY,**
**Senior United States District Judge**

### DECISION AND ORDER

**I. INTRODUCTION**

  On September 16, 2005, John J. Gosek, then-Mayor of the City of Oswego, New York was arrested on a criminal complaint charging him with a violation of 18 U.S.C. § 2422(b).[1] See Crim. Compl. [dkt. # 1 in United States v. Gosek, 5:05-CR-512]. The Criminal Complaint was supported by an affidavit from Federal Bureau of Investigation ("FBI") Special Agent Frederick F. Bragg. See Bragg Supp. Aff. [dkt. # 1 in United States v. Gosek, 5:05-MJ-341]. Bragg's affidavit provides extensive details underlying the allegation in the criminal complaint, and indicates that on July 28, 2005, the Court issued an order authorizing the interception of Gosek's wire communications over a

---

[1] This provision of the United States Code makes it a crime for someone to use

 any facility or means of interstate ... commerce [to] knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense.

18 U.S.C. §2422(b).

1

cellular telephone provided to Gosek by the City of Oswego. Id. ¶ 6. The wiretap order was reissued for an additional 30 day period on September 2, 2005. Id. The papers filed in support of the wiretap order, and its extension, were sealed by the Court.

On September 22, 2005, the Herald Company, Inc. ("the Herald" or "Petitioner"), moved by Order to Show Cause to unseal the affidavits filed by the United States Government in support of eavesdropping warrants filed July 28, 2005 and September 2, 2005 in the investigation of John J. Gosek. See Order to Show Cause,[dkt. # 1];[2] Pet. Mem. L., p. 2 [dkt. #2]. Both the Government and Gosek opposed the application.[3] By Decision and Order dated October 17, 2005, the Court denied the Herald's application because, *inter alia*, "[t]he affidavits provide sensitive information about the Government's investigation into Gosek and others that, if revealed, would severely hamper, if not effectively end, the Government's on-going investigation. The significant value to the public of unhampered criminal investigations outweighs the public's interest in the sought after documents." See 10/17/05 Decision and Order [dkt. # 13], p. 6 (citations omitted). The denial of the application was without prejudice to renewal at a later date. Id. p. 11. In this regard, the Court noted that "the Herald is free to renew its application at some later date, such as after Gosek has been indicted or it is clear that Government's investigation has ended." Id.

---

[2] Where no case title or case number is provided in the text, it indicates that the document is from the instant case - In re Application of the Herald Company, Inc. for the Unsealing of Affidavits Filed in Support of Eavesdropping Warrants Filed July 28, 2005 and September 2, 2005, 05-MC-0088.

[3] The Government opposed the application on several grounds, including that unsealing the sought-after affidavits would jeopardize the Government's then-ongoing investigation "into Gosek and others" by alerting potential targets of the investigation. See Gov't Resp., pp. 1-2 [dkt. # 8]. Gosek opposed the motion on the grounds that the unsealing of these documents could prejudice his right to receive a fair trial. See Eby Aff, (dkt. # 5). Gosek further contended that the public's right to access judicial records had been fully addressed by the public availability of the felony complaint, the supporting affidavit of FBI Special Agent Bragg, and the fact that all of Gosek's court appearances have remained open to the public and been well attended by the media. See Eby Aff. ¶ 6. Additionally, both the Government and Gosek raise concerns for the privacy of innocent third parties who might be referenced in the sealed documents. See Gov't Resp., p. 2 (dkt. # 8); Eby Aff. (dkt. #5).

On November 3, 2005, Gosek was indicted on two counts of violating 18 U.S.C. § 2422(b). See Indictment [dkt. # 8 in United States v. Gosek, 5:05-CR-512]. On November 9, 2005, the Herald renewed its application to unseal the affidavits, citing the recent indictment as a change in circumstances. See Letter Motion dated 11/8/05 [dkt. # 14]. The Government opposed the renewed application, contending that

> [t]he defendant's arrest and subsequent indictment by no means signaled the end of the investigation into the defendant and others. The investigation is ongoing, indeed it has broadened in the last month, and it is expected to continue for the foreseeable future. As we have previously noted, the investigation would be severely prejudiced by disclosure of these documents because possible crimes and targets would be identified. Lastly, the concerns previously raised about the privacy interests of numerous non-targets mentioned in the sealed papers would also be infringed by disclosure, thereby causing some considerable public embarrassment, among other things.

Govt.'s 12/2/05 Response in Opp. to 2nd Appl. [dkt. # 17]. The Government further argued:

> In this case, the concerns heretofore enunciated by both the defense and the government far outweigh the public's right to access at this stage of the proceedings. There will likely come a point in the future upon completion of the investigation when some type of disclosure would be appropriate. But now is not that time.

Id. Gosek joined the Government in opposing the Herald's second application, contending only that there was no change in circumstances warranting public disclosure of the sealed affidavits. See Gosek's 12/2/05 Response in Opp. to 2nd Appl. [dkt. # 18].

On January 10, 2006, the Court learned through a newspaper article that "prosecutors turned over to Gosek's lawyers ... secretly tape-recorded phone conversations, transcripts of the conversations and the eavesdropping warrants that allowed state and federal investigators to tap Gosek's phone." *Gosek Defense gets Tapes, Papers,* The Post-Standard, Jan. 6, 2005, http://www.syracuse .com/search/index.ssf?/base/news-1/1136540437194580.xml?syrnegosw.

Inasmuch as the Government's disclosure of the sealed affidavits to Gosek could arguably have constituted a change in circumstances with regard to the Government's position that it needed to maintain the secrecy of the information in the eavesdropping warrant affidavits to protect on-going investigations, the Court ordered the Government to file a supplemental response to the Petitioner's renewed application and "explain why the purported disclosure of the above-cited information to the defendant does not diminish, if not defeat, a large portion of the Government's opposition to the [Herald's second] application." January 10, 2006 Order [dkt. # 20].

On January 23, 2006, the Government submitted an *ex parte* response to the Court's January 10, 2006 Order, and asked that the response be sealed. See dkt. entry # 21. The Court reviewed the *ex parte* submission and, finding that the submission divulged sensitive information regarding the Government's on-going investigation into Gosek and others, granted the Government's application to sealed the *ex parte* submission. See dkt. entry # 22. The Herald objected to the *ex parte* submission and the sealing order, arguing, *inter alia*, that the Court should require a redacted version of the January 23, 2006 submission. See Petitioner's 1/31/06 Objections, dkt. # 23. Attached to the Herald's objections is a letter dated January 26, 2006 from Assistant United States Attorney Katko to the Herald's counsel. Id., Ex. A. The letter explains that "[t]he *ex parte* submission provides significant non-public details to the Court which prove that despite the discovery disclosures to Gosek, the investigation into Gosek and others remains ongoing. The submission also argues that granting public access to the wiretap documents at this time would jeopardize that investigation." Id.

On February 27, 2006, the Court received a letter from Assistant United Attorney Katko in Gosek's criminal case stating:

4

>the government is hereby motioning the Court to set a plea date approximately four weeks from today for the above-captioned matter. The extra time is necessary to finalize the details of the plea agreement. There is no question, however, that the defendant has indicated his desire to plead guilty in this matter.

Feb. 27, 2005 Ltr. [dkt. # 17 in -5-CR-518].

**II. DISCUSSION**

Despite the numerous events that have occurred since the Court issued its October 17, 2005 Decision and Order, the Court finds that there has not been a significant change in circumstances to warrant unsealing the sought-after affidavits. The Government has satisfied the Court that the criminal investigation into Gosek and others is still ongoing and that information contained in the affidavits would compromise the investigation. The fact that the Government is confident that Mr. Gosek will enter a plea agreement does not necessarily mean that he will do so, nor does it mean that the investigation into activities by Gosek and others will end even if Gosek does enter a guilty plea. Further, the Defendant's right to a fair trail could be jeopardized if a plea agreement is not entered into, Mr. Gosek exercises his right to a trial, and the material in the affidavits is made public. Finally, the Court continues to have concerns that the disclosure of the sought after documents could significantly infringe upon the privacy of innocent third parties and dissuade witnesses from coming forward. Thus, for the reasons set forth in the Court's October 17, 2005 Decision and Order, the renewed application to unseal the affidavits filed by the United States Government in support of eavesdropping warrants filed July 28, 2005 and September 2, 2005 in the investigation of John J. Gosek is denied with leave to renew in the future.

Further, for the same reasons discussed in the October 17, 2005 Decision and Order, the Court finds that redacted affidavits need not be provided at this time. See 10/17/05 Decision & Order, pp. 9-11. The Court does find, however, that the Government's January 20, 2006 *ex parte*

submission could be redacted so as to prevent disclosure of the sensitive information contained therein while simultaneously providing the public with access to the Government's legal arguments. In this regard, the redaction might block out such a significant portion of the information contained in the Government's January 20, 2006 *ex parte* submission leaving little more than a bare legal argument. Nonetheless, the Court finds that such a redaction should be performed in this case.

### III. CONCLUSION

For the reasons set forth above and in the Court's October 17, 2005 Decision and Order in this case, the Herald Company, Inc.'s application to unseal the affidavits filed by the United States Government in support of eavesdropping warrants filed July 28, 2005 and September 2, 2005 in the investigation of John J. Gosek is **DENIED without prejudice to renewal upon a change of circumstances.** The Government is **ORDERED** to provide to the Court, *ex parte* and within one week of this Decision and Order, a proposed redacted version of the Government's January 20, 2006 *ex parte* submission. The Court will then review the submission *in camera* and, if the Court finds the redactions to have been narrowly tailored so as to only prevent disclosure of sensitive information, the Court will then instruct the Court Clerk to the post the redacted document to the public docket.

**IT IS SO ORDERED**

DATED:March 3,2006

Thomas J. McAvoy
Senior, U.S. District Judge